UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MAO XIONG and FRAYDA BURTON,
guardian ad litem for MARILYN          NO. CIV. 08-345 WBS JFM
L. XIONG and ARIEL N. XIONG,

     Plaintiffs,                      ORDER

   v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

     Defendant.
_____/

----oo0oo----

     A Final Pretrial Conference was held in this matter on
June 29, 2009, pursuant to the provisions of Rule 16(d) of the
Federal Rules of Civil Procedure and Local Rule 16-282.  Ross
Bozarth and Kia Jafari appeared as counsel for plaintiffs Mao
Xiong and Frayda Burton, and Kurt Kappes appeared as counsel for
defendant The Lincoln National Life Insurance Company.  The court
subsequently issued a Final Pretrial Order on July 2, 2009, which
provided in part:

     Within thirty days of the Final Pretrial Conference,
     defendant shall provide plaintiff[s] with a copy of its
     underwriting manual in effect for the period January 1,

1

2007, to February 27, 2007. Production of the
underwriting manual shall be made under the terms of a
protective order to be mutually agreed upon by the
parties. If the parties are unable to agree to the terms
of a protective order, defendant shall apply to the court
for a protective order by noticed motion.

(Docket No. 30 at 6:20-27.)

Defense counsel advise that the underwriting manual in
question is in the custody and control of a third-party, Swiss
Re. (Docket No. 33 at 1:21-23.) Therefore, defense counsel
sought and obtained Swiss Re's approval of a draft protective
order, which was then forwarded to and signed by plaintiffs'
counsel. (See id. at 1:24-26; Docket No. 34 at 1:17-21.)

Defense counsel now requests "an additional 30 days to
allow for the protective order to be entered, and the mechanics
of the inspection finalized." (Docket No. 33 at 2:1-3.) Defense
counsel also requests that plaintiffs' counsel only be permitted
to review the manual from a computer terminal in defendant's
office. (See Docket No. 35 at 1:19-23; Docket No. 34 at 22-26.)
In response, plaintiffs' counsel contends that additional time is
unnecessary and that he should receive a hard copy of the manual
in order to "review [it] in depth with [his] consultant to
determine if there is any relevant information that should have
been produced in discovery." (Docket No. 34 at 1:22-26.)

Defense counsel fails to explain why physical
production of the underwriting manual--under the terms of a
properly drafted protective order--would frustrate Swiss Re's
ability to "maintain control over access" to the manual's
contents. (Docket No. 35 at 4.) Instead, defense counsel simply
asserts that "[t]he manual is very long and will undoubtedly

2

1  contain information that has nothing to do with this case." (*Id.*

2  at 2:1-2.)  The court is not persuaded by this reasoning;

3  plaintiffs' counsel should receive the opportunity and

4  flexibility afforded by possession of a hard copy of the

5  underwriting manual.  Furthermore, because all interested parties

6  have agreed to the terms of the protective order, the court sees

7  no need to provide additional time for the production of the

8  underwriting manual.

9         Accordingly, the Final Pretrial Order will be modified

10  as follows:

11         Within thirty days of the Final Pretrial Conference,
        defendant shall provide plaintiff[s] with **a physical,**

12      **hard copy** of its underwriting manual in effect for the
        period January 1, 2007, to February 27, 2007.  Production

13      of the underwriting manual shall be made under the terms
        of a protective order to be mutually agreed upon by the

14      parties.  If the parties are unable to agree to the terms
        of a protective order, defendant shall apply to the court

15      for a protective order by noticed motion.

16         IT IS SO ORDERED.

17  DATED:  July 13, 2009

18

19  _____
    WILLIAM B. SHUBB

20  UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28