UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MAO XIONG and FRAYDA BURTON,
guardian ad litem for MARILYN
L. XIONG and ARIEL N. XIONG,

        Plaintiffs,

   v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

        Defendant.
_____/

NO. CIV. 08-345 WBS JFM

ORDER

----oo0oo----

        A Final Pretrial Conference was held in this matter on June 29, 2009, pursuant to the provisions of Rule 16(d) of the Federal Rules of Civil Procedure and Local Rule 16-282.  Ross Bozarth and Kia Jafari appeared as counsel for plaintiffs Mao Xiong and Frayda Burton, and Kurt Kappes appeared as counsel for defendant The Lincoln National Life Insurance Company.  The court subsequently issued a Final Pretrial Order on July 2, 2009, which provided in part:

> Within thirty days of the Final Pretrial Conference, defendant shall provide plaintiff[s] with a copy of its underwriting manual in effect for the period January 1,

1

1  2007, to February 27, 2007.  Production of the
   underwriting manual shall be made under the terms of a
2  protective order to be mutually agreed upon by the
   parties.  If the parties are unable to agree to the terms
3  of a protective order, defendant shall apply to the court
   for a protective order by noticed motion.
4

5 (Docket No. 30 at 6:20-27.)

6          Defense counsel advise that the underwriting manual in
7 question is in the custody and control of a third-party, Swiss
8 Re.  (Docket No. 33 at 1:21-23.)  Therefore, defense counsel
9 sought and obtained Swiss Re's approval of a draft protective
10 order, which was then forwarded to and signed by plaintiffs'
11 counsel.  (See id. at 1:24-26; Docket No. 34 at 1:17-21.)

12          Defense counsel now requests "an additional 30 days to
13 allow for the protective order to be entered, and the mechanics
14 of the inspection finalized."  (Docket No. 33 at 2:1-3.)  Defense
15 counsel also requests that plaintiffs' counsel only be permitted
16 to review the manual from a computer terminal in defendant's
17 office.  (See Docket No. 35 at 1:19-23; Docket No. 34 at 22-26.)
18 In response, plaintiffs' counsel contends that additional time is
19 unnecessary and that he should receive a hard copy of the manual
20 in order to "review [it] in depth with [his] consultant to
21 determine if there is any relevant information that should have
22 been produced in discovery."  (Docket No. 34 at 1:22-26.)

23          Defense counsel fails to explain why physical
24 production of the underwriting manual--under the terms of a
25 properly drafted protective order--would frustrate Swiss Re's
26 ability to "maintain control over access" to the manual's
27 contents.  (Docket No. 35 at 4.)  Instead, defense counsel simply
28 asserts that "[t]he manual is very long and will undoubtedly

2

1  contain information that has nothing to do with this case." (<u>Id.</u>
2  at 2:1-2.)  The court is not persuaded by this reasoning;
3  plaintiffs' counsel should receive the opportunity and
4  flexibility afforded by possession of a hard copy of the
5  underwriting manual.  Furthermore, because all interested parties
6  have agreed to the terms of the protective order, the court sees
7  no need to provide additional time for the production of the
8  underwriting manual.
9         Accordingly, the Final Pretrial Order will be modified
10 as follows:

> Within thirty days of the Final Pretrial Conference, defendant shall provide plaintiff[s] with **a physical, hard copy** of its underwriting manual in effect for the period January 1, 2007, to February 27, 2007. Production of the underwriting manual shall be made under the terms of a protective order to be mutually agreed upon by the parties.  If the parties are unable to agree to the terms of a protective order, defendant shall apply to the court for a protective order by noticed motion.

16         IT IS SO ORDERED.
17 DATED:  July 13, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE