SEYFARTH SHAW LLP
Kurt A. Kappes (State Bar No. 146384)
email: kkappes@seyfarth.com
Timothy B. Nelson (State Bar No. 235279)
email: tnelson@seyfarth.com
400 Capitol Mall, Suite 2350
Sacramento, California 95814-4428
Telephone: (916) 448-0159
Facsimile: (916) 558-4839

Attorneys for Defendant
THE LINCOLN NATIONAL
LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAO XIONG and FRAYDA BURTON, as Guardian ad litem for MARIYLN L. XIONG and ARIEL N. XIONG,<br><br>Plaintiffs,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 2:08-cv-00345-WBS-JFM<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by and between Plaintiffs Mao Xiong and Frayda A. Burton ("Plaintiffs") and Defendant The Lincoln National Life Insurance Company ("Defendant"), through their respective attorneys of record, that, pursuant to Section 9 of this Court's Final Pretrial Order filed July 2, 2009 ("Final Pretrial Order"), a Protective Order may be entered by this Court as follows:

**1.    PURPOSES AND LIMITATIONS**

Plaintiff and Defendant acknowledge that the Court, by section 9 of its Final Pretrial Order, directed Defendant to produce to Plaintiff by July 29, 2009, a copy of Defendant's underwriting manual in effect for the period January 1, 2007, to February 27, 2007 ("Underwriting Manual"). Plaintiffs and Defendant further acknowledge that the Underwriting Manual contains confidential and/or proprietary information for which special protection from

1

1  public dissemination or disclosure and from use for any purpose other than prosecuting and
2  defending this matter is warranted. Plaintiffs and Defendant further acknowledge that the
3  Underwriting Manual is and shall continue to be treated as "CONFIDENTIAL" information as
4  set forth below.

5  **2.     DEFINITIONS**

6  **2.1    Parties**.  "Parties" as used in the Order (Singularly "Party") shall mean
7  and refer to Plaintiffs Mao Xiong and Frayda A. Burton, Defendant Lincoln National Life
8  Insurance Company, and third parties from whom protectible information and/or documents are
9  obtained through discovery or otherwise.  This Order shall apply to any Party and/or their
10 officers, directors, employees, consultants, retained experts, and outside counsel (and their
11 support staff).

12 **2.2    "CONFIDENTIAL" Information or Items**. Information (regardless of
13 how generated, stored or maintained) or tangible things that constitute private records, trade
14 secrets or other confidential research, development, commercial or other information.

15 **2.3    Receiving Party**.  A Party that receives Protected Material from a
16 Producing Party.

17 **2.4    Producing Party**.   A Party that produces CONFIDENTIAL information.

18 **2.5    Protected Material**.   Any documents or data designated as
19 "CONFIDENTIAL", including but not limited to the Underwriting Manual.

20 **2.6    Outside Counsel**.  Attorneys who are not employees of a Party but who
21 are retained to represent or advise a Party in this action.

22 **2.7    Professional Vendors**.  Persons or entities that provide litigation support
23 services (*e.g*., photocopying; videotaping; translating; preparing exhibits or demonstrations;
24 organizing, storing, retrieving data in any form or medium; etc.), and their employees and
25 subcontractors.

26 **3.     SCOPE**

27 The protections conferred by this Stipulated Protective Order cover not only Protected
28 Material (as defined above), but also any information copied or extracted therefrom, including

electronically stored information, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in this lawsuit or in other settings that might reveal Protected Material.

**4.   DURATION**

Even after the termination of this lawsuit, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing.

**5.   ACCESS TO AND USE OF PROTECTED MATERIAL**

**5.1   Basic Principles**.  A Receiving Party may only use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting and defending this litigation.  Such Protected Material may be disclosed only to the Court and to the categories of persons described in this Stipulated Protective Order.  When the lawsuit has been concluded, a Receiving Party shall comply with the provisions of Paragraph 9 herein.

**5.2   "CONFIDENTIAL" Information May Be Disclosed Only to the Following Persons:**

**(a)**   Outside Counsel (as defined in Paragraph 2.6), and all independent companies or agencies that are directly engaged by Outside Counsel to perform litigation support services, paralegal assistants, stenographic, clerical or other staff working under the supervision of such counsel whose duties and responsibilities require access to the CONFIDENTIAL Information.

**(b)**   Independent experts, independent non-expert witnesses, or independent consultants of the Receiving Party who are not employed by the Receiving Party and who have been expressly retained or sought to be retained by Outside Counsel to assist in preparation of this action for hearing, with disclosure only to the extent necessary to perform such work.

**(c)**   Plaintiffs and Defendant, and the employees, officers, directors and board members of each of them.

**(d)**   Any other person by written agreement of the Designating Party and only after execution of Exhibit A hereto by that person.

**(e)** The Judge in this proceeding and the Judge's law clerk or other staff working under the Judge's supervision.

**5.4** **Duty to Maintain "Protected Material" Securely.** Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order. Nothing in this Protective Order shall be deemed to restrict in any way any Producing Party with respect to the use of its own Protected Material.

**6.** **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued.

**7.** **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

1 this Stipulated Protective Order, and (d) request such person or persons to execute the

2 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

3     **8.**     **FILING PROTECTED MATERIAL UNDER SEAL**

4     A Party that intends to file CONFIDENTIAL documents with the Court must, consistent

5 with Local Rule 39-141, first seek and obtain an order from the Court allowing such documents

6 to be filed under seal ("Sealing Order").  Once such order is obtained, the person filing such

7 document(s) shall designate to the Clerk that all or a designated portion of such document(s) is

8 subject to this Stipulated Protective Order and the Sealing Order and is to be kept under seal.  If

9 the filing Party fails to seek a Sealing Order prior to filing CONFIDENTIAL documents with the

10 Court, any Party may do so and, at its option, seek sanctions against the filing Party for failure to

11 comply with this Stipulated Protective Order.

12     **9.**     **FINAL DISPOSITION**

13     Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

14 after the final termination of this lawsuit, each Receiving Party must return all Protected Material

15 to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

16 abstracts, compilations, summaries or any other form of reproducing or capturing any of the

17 Protected Material.  With permission in writing from the Producing Party, the Receiving Party

18 may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

19 Material is returned or destroyed, the Receiving Party must submit a written certification to the

20 Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

21 deadline that identifies (by category, where appropriate) all the Protected Material that was

22 returned or destroyed and that affirms that the Receiving Party has not retained any copies,

23 abstracts, compilations, summaries or other forms of reproducing or capturing any of the

24 Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

25 copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

26 work product, even if such materials contain Protected Material.  Any such archival copies that

27 contain or constitute Protected Material remain subject to this Stipulated Protective Order.

28

1   **10.    MISCELLANEOUS**

2   **10.1    Right to Further Relief**.  Nothing in this Stipulated Protective Order
3   abridges the right of any person to seek modification of this Order in the future.  Each Party
4   expressly acknowledges that such modifications may be necessary.

5   **10.2    Enforcement**.  Each Party and person bound by this Stipulated Protective
6   Order agrees that the Judge who has been assigned to handle this matter has jurisdiction to
7   enforce the terms of this Stipulated Protective Order, and that such jurisdiction continues beyond
8   the date this matter is concluded.

9   **10.3    Right to Assert Other Objections**.

10  Entry of this Stipulated Protective Order, and Producing or receiving materials or
11  otherwise complying with the terms of this Stipulated Protective Order shall not:

12  **(a)**    Operate as an admission by any party that any particular Protected
13  Material contains or reflects trade secrets, proprietary or commercially sensitive
14  information, or other confidential matter; or

15  **(b)**    Prejudice in any way the rights of any party to object to the production of
16  documents it considers not subject to discovery; or

17  **(c)**    Prejudice in any way the rights of any party to object to the authenticity or
18  admissibility into evidence of any document, testimony or evidence subject to this
19  Protective Order; or

20  **(d)**    Prejudice in any way the rights of a party to seek determination by this
21  Court:

22  **(i)**    whether particular Protected Material should be produced; or
23  **(ii)**   if produced, whether such Protected Material should be subject to
24  the terms of this Stipulated Protective Order; or

25  **(e)**    Prejudice in any way the rights of a party to apply to this Court for a
26  further protective order relating to any CONFIDENTIAL information; or

27  **(f)**    Prevent the parties to this Stipulated Protective Order from agreeing in
28  writing to alter or waive the provisions or protections provided for herein with respect to

1    any particular CONFIDENTIAL information; or

2    **(g)** Waive or otherwise prejudice any right a Party would otherwise have to
3    object to disclosing or producing any information or item on any ground not addressed in
4    this Stipulated Protective Order.

6    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

7    DATED: July 10, 2009                    SEYFARTH SHAW LLP

9                                            By     s/Kurt Kappes
                                                  Kurt A. Kappes
10                                                Timothy B. Nelson
                                                  Attorneys for Defendant
11                                                THE LINCOLN NATIONAL LIFE
                                                  INSURANCE COMPANY

13   DATED: July 10, 2009                    GUENARD & BOZARTH, LLP

15                                            By     s/Ross Bozarth
                                                  B. Ross Bozarth
                                                  Attorneys for Plaintiffs
16                                                MAO XIONG and FRAYDA BURTON, as
                                                  Guardian ad litem for MARILYN L.
17                                                XIONG and ARIEL N. XIONG

19                                  **ORDER**

     **IT IS SO ORDERED.**
20

21   Dated:  July 30, 2009.

22                                                /s/ John F. Moulds
                                                  John F. Moulds
23                                                U.S. Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____ have read in its entirety and understand the Stipulated Protective Order in the lawsuit of *Mai Xiong, et al. v. The Lincoln National Life Insurance Company,* Case No. 2:08-CV-00345-WBS-JFM.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  If I am not a party to this dispute, I agree that the presiding District Court Judge or Magistrate Judge may enforce this agreement at any time, including following the conclusion of this matter, and that an action may be brought in the United States District Court for the Eastern District of California, Sacramento Division, to enforce the terms of this Stipulated Protective Order, and I submit to the jurisdiction of both.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____