UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MAO XIONG and FRAYDA BURTON, guardian ad litem for MARILYN L. XIONG and ARIEL N. XIONG,

    Plaintiffs,

  v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

    Defendant.
_____/

NO. Civ. 2:08-345 WBS JFM

MEMORANDUM AND ORDER RE: MOTION TO AMEND PRETRIAL ORDER AND MOTION FOR LEAVE TO AMEND COMPLAINT

----oo0oo----

In the Final Pretrial Order, on July 2, 2009, the court ordered defendant to produce the Swiss Re Life Guide within thirty days of the Conference, set trial for December 8, 2009, and contained a final list of exhibits that could be entered into evidence. (Docket No. 30.) On July 13, 2009, upon a request to clarify and modify the Final Pretrial Order, the court further ordered that defendant produce a physical, hard copy within

1

thirty days of the Conference. (Docket No. 39.) Defendant produced the Swiss Re Guide to plaintiffs on August 4, 2009. (Pls.' Mot. Amend Compl. 3:8-13.)

On August 25, 2009 plaintiffs filed a motion to amend the Final Pretrial Order and for leave to amend the complaint. At the hearing on plaintiffs' motion held on October 13, 2009, plaintiffs withdrew their motion to amend the Final Pretrial order and for leave to amend the complaint and made an oral motion to amend the Final Pretrial Order to add the Swiss Re Life Guide to Plaintiffs' List of Exhibits (Docket No. 30 Ex. C.).

The Final Pretrial Order states that "No other exhibits will be received in evidence unless . . . the exhibit was discovered after the Pretrial conference." (Docket No. 30 ¶ VIII(D)(3).) The Order further requires that:

> "[a]n exhibit not designated in this Order, which is offered under paragraph VIII(D)(3), above, upon the grounds that the exhibit was discovered after the Pretrial Conference, will not be received in evidence unless: (1) the exhibit could not reasonably have been discovered prior to the Pretrial Conference; (2) the court and opposing counsel were promptly notified upon discovery of the exhibit; and (3) counsel provided copies of the exhibit to all opposing counsel if physically possible or made the exhibit reasonably available for inspection by all opposing counsel . . . ."

(Docket No. 30, ¶ VIII(E).)

Under Rule 16(e), "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e); <u>Byrd v. Guess</u>, 137 F.3d 1126, 1132 (9th Cir. 1998). "In evaluating a motion to amend a pretrial order a district court should consider four factors: (1) the degree of prejudice or surprise to the defendant[] if the

2

order is modified; (2) the ability of defendant[] to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification." Galdamez v. Potter, 415 F.3d 1015, 1020 (9th Cir. 2005) (citing Byrd, 137 F.3d at 1132). After considering these factors, if "the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." United States v. First Nat'l Bank of Circle, 652 F.2d 882, 887 (9th Cir. 1981).

Plaintiffs have met both the requirements of the court's Final Pretrial Order and Rule 16(e). Plaintiffs have shown good cause under the terms of the Final Pretrial Order to add the Swiss Re Guide as an exhibit. Plaintiffs were diligent in moving the court upon receipt of the Swiss Re Guide from defendant. Plaintiffs did not discover the contents of the Swiss Re Guide until after the Final Pretrial Conference, and therefore could not have reasonably anticipated its impact on the case.

Plaintiffs could not have discovered the information in the Swiss Re Guide prior to the Final Pretrial Conference, since defendant would not provide a copy of the guide until August 2, 2009, upon an Order of the court. Plaintiffs promptly notified the court and counsel of the relevance of the contents of the Swiss Re Guide when they filed their original motion on August 25, 2009, and made their motion to amend the Final Pretrial Order to add the Swiss Re Guide as an exhibit at the first possible hearing before the court.

3

Opposing counsel already had a copy of the proposed exhibit, since it was in their possession prior to the Final Pretrial Conference.  Accordingly, all the conditions to add an exhibit to the Final Pretrial Order under paragraphs VIII(D)(3) and (E) have been met.

Additionally, plaintiffs have demonstrated a possibility of manifest injustice.  Were plaintiffs not allowed to amend the Final Pretrial Order to add the Swiss Re Guide as an exhibit, plaintiffs might be deprived of evidence which goes to the heart of their claims, simply on the ground that it was not identified in the Pretrial Order.  Exclusion of evidence from the exhibit list clearly "might result in injustice."  First Nat'l Bank of Circle, 652 F.2d at 887.

Any prejudice or surprise to defendant from modification of the Final Pretrial Order is minimal.  Defendant was well aware that they had not provided plaintiffs with the Swiss Re Guide and was on notice of its contents.  Modifying the Final Pretrial Order to allow the Swiss Re Guide as an exhibit would not cause any inconvenience to the efficient and orderly conduct of the trial.  While defendant may object to the admissibility of the Swiss Re Guide under the Federal Rules of Evidence at trial, such an objection would only have a slight impact on the efficiency of the trial given the numerous motions in limine defendants have suggested the court will have before it in this action.  Given that defendant was aware of plaintiffs' desire to view the Swiss Re Guide during discovery, defendant likely anticipated that plaintiffs would try to introduce it as evidence.  Therefore, there is no substantial inconvenience that

1 would justify denying plaintiff's motion to amend the Final
2 Pretrial Order.
3      Finally, there is no evidence of willfulness or bad
4 faith on the part of plaintiffs in waiting to modify the order.
5 Given defendant's delay in producing a copy of the over one-
6 thousand page guide, it is reasonable that plaintiffs filed their
7 motion only several weeks after receiving it.
8      IT IS THEREFORE ORDERED that plaintiffs' motion to
9 amend the Final Pretrial Order be, and the same hereby is,
10 GRANTED for the limited purpose of adding the Swiss Re Guide to
11 plaintiffs' exhibit list, and that plaintiffs' motion for leave
12 to amend the complaint be, and the same hereby is, DENIED as
13 moot.  The Final Pretrial Order is hereby amended to add the
14 Swiss Re Guide to plaintiffs' list of exhibits.
15 DATED:   October 16, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE